# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Hollis J. Larson,

    Plaintiff,

v.

Terry Carlson, Greg Smith, Lynne Degerstrom, Sarah Tardy, Sally Nelson, H. Edwards, and Kim Ebeling,

    Defendants.

Civil No. 09-3070 (PAM/AJB)

**REPORT AND RECOMMENDATION**

---

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se);

Lori Swanson, Attorney General for the State of Minnesota, and Margaret Jacot, Assistant Attorney General, 445 Minnesota Street, Suite 900, St. Paul MN 55101-2127 (for Defendants).

---

## I.    INTRODUCTION

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Defendants' Motion to Dismiss [Docket No. 9] and Plaintiff's Request for Entry of Default & Default Judgment [Docket No. 17.] The action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). For the reasons stated below **IT IS RECOMMENDED** that (1) Plaintiff's Request for Entry of Default & Default Judgment [Docket No. 17] be **DENIED**; and (2) Defendants' Motion to Dismiss [Docket No. 9] be **GRANTED.**

## II. BACKGROUND

1) **Allegations in the Complaint**

Plaintiff alleges in his complaint as follows: At all relevant times, Plaintiff Hollis Larson was housed in the Minnesota Correctional Facility located in Rush City, Minnesota. (Complaint ¶ III.A, Nov. 3, 2009.) In May 2009, Plaintiff was preparing his petition for a writ of certiorari to the United States Supreme Court to appeal the Eight Circuit Court of Appeals' decision affirming the dismissal of a section 1983 claim that he brought in the District of Minnesota. (*Id.* at ¶ IV.2); *see Larson v. Crist*, 310 Fed. Appx. 66 (8th Cir. 2009). Petitioner needed copies of certain documents in order to file his petition. (*Id.* at ¶ IV.2.) Thus, on May 25, 2009, Petitioner submitted a number of documents[1] to Defendant Lynne Degerstrom for copying. Defendant Degerstrom forwarded Plaintiff's copy request and documents to Defendants Greg Smith and Terry Carlson for approval. (*Id.* at ¶ IV.3.) Defendant Sarah Tardy knew that Plaintiff had a filing deadline but did not make Plaintiff's copies or expedite the approval process. (*Id.* at ¶ IV.6.)

On June 5, 2009, Plaintiff wrote a Kite form[2] to Defendant Smith, informing him that Plaintiff had a June 11, 2009 filing deadline. (*Id.* at ¶ IV.8.) On June 9, 2009, Plaintiff wrote a Kite form to Defendant Tardy, requesting that his original copies be returned to him immediately. (*Id.* at ¶ IV.11.) On June 10, 2009, Defendants Smith and Carlson claimed that they did not receive Plaintiff's request for copies. (*Id.* at ¶ IV.10.) On June 11, 2009, Defendant

---

[1] These documents included his petition, the Eight Circuit's opinion, his appellate brief, the Eighth Circuit's order denying rehearing, and orders and judgments from the United States District Court for the District of Minnesota.

[2] A "Kite form" is a complaint filed with the facility staff and it exists to provide informal resolutions to prisoner complaints. *Poindexter v. Pohlmann*, Civil No. 08-1186, 2009 WL 3837548, at *6 (D. Minn. Nov. 16, 2009). "If the prisoner is not satisfied with the result of filing the Kite, he can pursue the matter further by filing a formal grievance with the facility's grievance coordinator." *Id.*

Tardy responded to Plaintiff that she forwarded Plaintiff's request and documents to Defendant Degerstrom, who forwarded the request and documents to Defendants Smith and/or Carlson. (*Id.* at ¶ IV.12.) Defendant Tardy also informed Plaintiff that his original legal documents had been lost. (*Id.* at ¶ IV.13.)

On June 11, 2009, Plaintiff filed an Application for Extension of Time to File Petition for Writ of Certiorari with the United States Supreme Court. (*Id.* at ¶ IV.14.) Plaintiff's application was returned to him by the Clerk of the United States Supreme Court, who cited a number of deficiencies within the application, including that he failed to append the order from which he was appealing. (*Id.* at ¶ IV.16.)

On June 11, 2009, Plaintiff submitted a formal grievance regarding the loss of his legal documents. (*Id.* at ¶ IV.18.) Defendants Sally Nelson and H. Edwards filed Plaintiff's grievance on June 22, 2009. (*Id.* at ¶ IV.19.) On July 14, 2009, Defendant Carlson dismissed Plaintiff's grievance, concluding that Plaintiff assumed all risk associated with the loss of his documents and that the copying policy does not require that the documents be connected to the copy request. (*Id.* at ¶ IV.21.) Plaintiff's appeal of this dismissal was denied by Defendant Kim Ebeling. (*Id.* at ¶ IV.23.)

After obtaining new copies of the documents and rewriting his petition, Plaintiff filed both with the United States Supreme Court on July 16, 2009. (*Id.* at ¶¶ IV.20, 26, 27, 29). Simultaneously, on July 16, 2009, Plaintiff's application for an extension of time in which to file a petition for a writ of certiorari was denied by Order of Justice Samuel Alito. (*Id.* ¶ IV.28.)

In addition to the allegations restated above, the Appendix to Plaintiff's Complaint contains multiple documents, including multiple offender Kite forms; an "Offender Grievance" form; "Grievance Report – Grievance #3873"; a purported copy of the procedures for requesting

photocopies; a "Grievance Appeal"; a letter rejecting his grievance appeal because he had less than 40 days left to serve; his letter to the Clerk of the United States Supreme Court requesting an extension of time to file his petition; a letter from the Clerk of the United States Supreme Court noticing Plaintiff that his application has been returned for deficiencies; a letter from the Clerk of the United States Supreme Court noticing Plaintiff that his application for an extension was denied by Justice Alito; Plaintiff's letter to the Clerk of the United States Supreme Court filing his petition, appendix, and affidavit of service; a letter from the Clerk of the United States Supreme Court noticing Plaintiff that his petition for a writ of certiorari is time barred; and Minnesota Department of Corrections Division Directive 300.140. [Docket No. 1-1.]

**2) Procedural History**

Plaintiff filed his Complaint November 3, 2009. [Docket No. 1.] Plaintiff also filed an "Affidavit of Service," which states that he mailed a copy of his Complaint to the Minnesota Attorney General on October 31, 2009. [Docket No. 4.] Plaintiff also moved for leave to proceed *in forma pauperis*. [Docket No. 2.] On November 12, 2009, this Court granted Plaintiff's motion and further ordered "that the Clerk issue Summons and the United States Marshal serve a copy of the Complaint, Summons and this Order upon the Defendant(s) as directed by the Plaintiff." [Docket No. 5.] The docket notes that on November 20, 2009, a Summons was issued. The Process Receipt and Return states that the United States Marshal served Defendants via United States Mail on November 30, 2009. [Docket Nos. 12, 13, 14.] On December 22, 2009, Plaintiff sent the Clerk a letter inquiring about the status of service. [Docket No. 6.]

Defendants filed the Motion to Dismiss on February 2, 2010. [Docket No. 9.] Defendants signed the acknowledgment of receipt of summons and complaint on February 10, 2010, and filed the acknowledgment on February 12, 2010. [Docket Nos. 12, 16.] The Process Receipt and

Return states that, as of February 11, 2010, the acknowledgment of receipt had not been received by the United States Marshal. [Docket Nos. 12, 13, 14.] Plaintiff filed a Request for Entry of Default and Default Judgment on February 19, 2010. [Docket No. 17.]

### III. DISCUSSION

1) **Motion for Default [Docket No. 17]**

Federal Rule of Civil Procedure 55 states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff contends that every Defendant was served with a summons and complaint by the United States Marshal's Service on November 30, 2009. (Pl.'s Req. for Default 1, Feb. 19, 2010.) Plaintiff contends that Defendants did not file a responsive pleading or otherwise defend the suit before December 23, 2009, as required by Fed. R. Civ. P. 12. (*Id.*) Therefore, Plaintiff moves for default pursuant to Fed. R. Civ. P. 55. (*Id.*) Defendants contend that service was effective as of February 10, 2010, when they returned the acknowledgment of service, and therefore, default judgment is unwarranted.

Service of an individual may be effectuated by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1). Minnesota Rule of Civil Procedure 4.05 provides that service may be made by mailing a copy of the summons and complaint to the person to be served, together with a notice and an acknowledgment of service form. "If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual." Minn. R. Civ. P. 4.05. An answer is due 20 days after service. Minn. R. Civ. P. 12.01. Thus, "[a]ccording to the plain language of this rule, service is ineffectual if the sender does not receive the acknowledgment within 20 days." *Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn. App. 2000) (citing Minn. R. Civ. P.

12.01), *review denied* (Minn. Jan. 26, 2001). The Minnesota Court of Appeals has stated that "[t]he rule unambiguously establishes a dispositive period when service by mail is effected" and has held that returning the acknowledgment form beyond the period provided by the rule does not effectuate service.[3] *Id.*; *see also Gulley v. Mayo Foundation*, 886 F.2d 161, 165 (8th Cir. 1989) (holding, "[u]nder Rule 4.05, the service attempted on the [defendant] was ineffectual . . . [where,] [a]lthough acknowledgement was received by the sender, . . . it was not received within the twenty days required by the rule."). Thus, the Eighth Circuit Court of Appeals and the Minnesota Court of Appeals have affirmed that where a defendant does not return an acknowledgment of service, a plaintiff must make personal service. *MW Ag, Inc. v. New Hampshire Ins. Co.*, 107 F.3d 644, 647 (8th Cir. 1997); *Nieszner v. St. Paul School Dist. No. 625*, 643 N.W.2d 645, 649 (Minn. App. 2002) ("A litigant must be prepared to serve the intended party personally if the party fails to return the signed acknowledgment of service within the timeframe for answering the complaint.").

This Court concludes that service was never effectuated in the present case. Summons and Complaint were mailed on November 30, 2009, and the acknowledgment of service was not returned until February 10, 2010. This period of time exceeds 20 days. A party is not required "to plead or otherwise defend," within the meaning of Fed. R. Civ. P. 55, until service has been effectuated. Therefore, Defendants in the present case were not required to plead or otherwise defend. Thus, this Court concludes that there is no basis for entry of default under Fed. R. Civ. P. 55.

---

[3] The Eighth Circuit Court of Appeals, applying Minnesota case law, concluded that service of process is ineffectual under Rule 4.05 even "where defendant [had]. . . actual notice of the lawsuit and admitted that it received two summonses and complaints but made a corporate decision not to cooperate in service of process." *MW Ag, Inc. v. New Hampshire Ins. Co.*, 107 F.3d 644, 647 (8th Cir. 1997) (citing *Coons v. St. Paul Companies*, 486 N.W.2d 771 (Minn. App.1992)).

"In the absence of service of process (*or waiver of service by the defendant*), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327 (1999) (emphasis added). This Court concludes that Defendants have waived any claim to personal jurisdiction or ineffective service of process, and this Court has jurisdiction to consider Defendants' motion to dismiss. First, Defendants' eventual filing of the acknowledgment serves as evidence of their intent to submit to the jurisdiction of the court and defend the claim on the merits. Second, Defendants' motion to dismiss does not assert that dismissal is warranted for lack of personal jurisdiction or ineffective service of process. Fed. R. Civ. P. 12(h). Third, Defendants did not raise lack of personal jurisdiction or ineffective service of process within their responsive briefing to Plaintiff's request for entry of default and default judgment. Thus, Defendants waived service as of the date of filing their Motion to Dismiss.

2) **Motion to Dismiss [Docket No. 9]**

  a) *Standard of Review*

**Fed. R. Civ. P. 12.** A complaint should be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint that is challenged on a motion to dismiss does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959. While federal courts must "view *pro se* pleadings liberally,

such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

As a general rule, because a motion to dismiss tests the adequacy of the pleadings, no materials beyond the pleadings can be considered in ruling upon the motion to dismiss without altering the motion to one for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). But, there are exceptions to this rule. When deciding a motion to dismiss the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. *Piper Jaffray v. Nat'l Union Fire Insur. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) (citing *Vizenor v. Babbitt*, 927 F. Supp. 1193, 1198 (D. Minn. 1996)). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference. *Id.* In addition, materials which are public record may be considered in deciding a motion to dismiss. *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

Plaintiff appended numerous exhibits to his Complaint. Plaintiff references the exhibits throughout his Complaint and all of the attachments unambiguously relate to the factual assertions in Plaintiff's Complaint. This Court concludes that these attachments are embraced by the pleadings. Thus, this Court concludes that consideration of these materials does not alter this motion to dismiss into one for summary judgment.

**42 U.S.C. § 1983.** "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful . . . ."

8

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (quotation omitted). "Section 1983 affords a remedy for violations of rights secured by federal statutes and the federal constitution. It does not provide a remedy for any other rights violation." *Thomsen v. Ross*, 368 F. Supp.2d 961, 975 (D. Minn. 2005) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 2504 (1980)); *see also Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) (stating that "[s]ection 1983 guards and vindicates federal rights alone," which do not include violations of state laws).

### b) 42 U.S.C. §§ 1985, 1986

Plaintiff states that his claim comes under 42 U.S.C. § 1985(2)-(3). Section 1985 contains three subsections that outline three categories of offenses: (1) preventing a public officer from performing his or her duties, (2) interfering with court proceedings, and (3) depriving persons of rights or privileges either "on the highway or on the premises of another." 42 U.S.C. § 1985. Plaintiff also states that he is entitled to recovery for Defendants' failure to prevent or to aid in preventing any wrongs under section 1985. (Compl. 1, Nov. 3, 2009.) This Court recognizes this as a neglect-to-prevent claim under 42 U.S.C. § 1986.

Section 1985(1) has no application to the present matter. Section 1985(2) states in relevant part:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully . . . ; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

42 U.S.C. § 1985(2). "Filing papers in court does not constitute 'attending' court within the meaning of § 1985." *Herrera v. Scully*, 815 F. Supp. 713, 726 (S.D.N.Y. 1993). And "the 'equal protection' language of the second clause of section 1985(2) requires an allegation (and proof) of class-based animus." *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1429 (8th Cir. 1986). Likewise, section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971).

Because Plaintiff has not alleged racial or class-based animus, this Court concludes that Plaintiff has failed to state a claim upon which relief can be granted as to the second clause of section 1985(2) and section 1985(3). Plaintiff's claim is based entirely on the filing of papers, see *infra* III(2)(c) (Plaintiff's Claims); therefore, Plaintiff has failed to state a claim upon which relief can be granted under the first clause of section 1985(2). And "[a] section 1986 claim must be predicated upon a valid section 1985 claim." *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004). Thus, this Court concludes that Plaintiff has failed to assert a claim under 42 U.S.C. §§ 1985 or 1986 upon which relief can be granted.

   c) **Plaintiff's Claims**

It appears that based upon Defendants' Memorandum in Support of Motion to Dismiss that Defendants concluded that Plaintiff is asserting constitutional claims under the First, Fourth, Fifth, and Fourteenth Amendments as well as an access-to-court and state-law claims. This Court disagrees with Defendants' conclusion.

This Court concludes that Plaintiff states essentially four claims premised upon state law:

1. Defendant Degerstrom's act of forwarding of Plaintiff's copy request and documents to Defendants Greg Smith and Terry Carlson constitutes the tort of negligence under Minnesota law. (Compl. at ¶ IV.5.)

2. Defendant Tardy's refusal to make Plaintiff's copies or expedite his request constitutes the tort of negligence under Minnesota law. (*Id.* at ¶ IV.7.)

3. Defendants Tardy's act of submitting the copy request and documents to Defendant Degerstrom, and Defendant Degerstrom's act of forwarding the copy request and documents to Defendants Smith and/or Carlson "constitute the torts of negligence and interference with constitutional rights under MN law." (*Id.* at ¶ IV.15.)

4. Defendants Nelson, Edwards, and Ebeling's acts of not filing Plaintiff's grievance until June 22, 2009, constitute "conspiracy" and "the torts of negligence and interference with constitutional rights under MN law. (*Id.* at ¶ IV.24.)

This Court concludes that Plaintiff has alleged the following claims under 42 U.S.C. § 1983:

1. Defendants Carlson, Smith, Degerstrom, Tardy, Nelson, Edwards, and Ebeling's actions underlying the state law claims constitute violations of, and conspiracy to violate, Plaintiff's federal constitutional rights to (a) freedom of expression, under the First Amendment; (b) due process of law and equal protection under the Fifth and Fourteenth Amendments; (c) unwarranted seizure of property under the Fourth Amendment; and (d) "interference with those same federal constitutional rights, because all of the above named

defendants were personally involved in 'losing' [P]laintiff's rights; and knew that [P]laintiff had a well and clearly established right to meaningful access to the courts, non-exclusively." (*Id.* at ¶ IV.30.)

2. Defendants Carlson and Smith's failure to establish "proper" policies regarding copy requests and failure to train Defendants Degerstrom, Tardy, Nelson, and Eberling was done "negligently and/or deliberately with reckless indifference to [P]laintiff's rights and contributed to and proximately caused" (a) the denial of his access to the courts; (b) the denial of his freedom of expression; (c) the denial of due process of law; (d) denial of equal protection of the law; (e) "interference with, and conspiracy to violate, plaintiff's federal constitutional rights"; and (f) negligence under Minnesota law. (*Id.* at ¶ IV.31.)

3. The "denial/rejection of [P]laintiff's formal grievance and formal grievance appeal by [D]efendants . . . violated [P]laintiff's rights to due process . . . and equal protection." (Compl. at ¶ IV.A.2.)

This Court concludes that Plaintiff's citations to constitutional rights represent the basis for his access-to-court claim. Plaintiff's Complaint states:

> the loss of [P]laintiff's legal documents . . . violated Plaintiff's right to freedom of expression . . . ; violated [P]laintiff's rights to due process of law and equal protection of law under the 5th and 14th Amendments to the U.S. Constitution *by denying him access to the courts*, and violated [P]laintiff's 4th Amendment . . . guarantee against unreasonable search and seizure . . . .

(Compl. IV.A.1, Nov. 3, 2009) (Emphasis added.) "The right of inmates to have access to the courts is well established." *Sterling v. Wood*, 68 F.3d 1124, 1126 (8th Cir. 1995) (citing *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, (1977)). *See generally* 3 Michael B.

Mushlin, *Rights of Prisoners* § 12 (4th ed. 2009) (discussing prisoner's right to access courts). The exact constitutional source of the right has not been firmly identified, and courts have identified that the right arises from the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fourteenth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007) (citations omitted). Thus, this Court concludes that Plaintiff is asserting an access-to-court claim(s), in which the right to access the courts is premised upon the First, Fourth, Fifth, and Fourteenth Amendment.[4] Plaintiff is not asserting four separate constitutional claims in addition to an access-to-the courts claim. This conclusion is supported by a plain reading of Plaintiff's Complaint and Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss in which Plaintiff repeatedly ties the violation of each constitutional right to the alleged denial of his right to access the courts. *See, e.g.*, (Pl.'s Mem. in Opp. To Def.s' Mot. 2, Feb. 9, 2010) ("The elements of a violation of the 1st Amendment applicable to this case are plaintiff attempting to file documents with the U.S. Supreme Court and defendants' intent to take physical control of those documents, . . . which prevent[ed] [P]laintiff from filing those documents with the U.S. Supreme Court.").

This Court concludes that Plaintiff's failure-to-train claim mirror's his access-to-court claim. To sustain a failure-to-train § 1983 claim, Plaintiff must prove in part that "an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (quotation omitted). The "plaintiff's injury" must be of a

---

[4] This distinction is relevant because there is a distinct test to determine whether an individual has been denied his or her right to access the courts. To wit, courts do not engage in traditional due process, equal protection, or First Amendment analyses when determining whether the right to access courts has been denied. This Court will analyze the Fourth Amendment claim separately because the Fourth Amendment has never been identified as a basis for the right to access the courts.

constitutional or federal statutory dimension. 42 U.S.C. § 1983. In the present case, Plaintiff's claimed constitutional injury is the denial of his right to access the courts.

Plaintiff's Complaint also contends that the "denial/rejection of [P]laintiff's formal grievance and formal grievance appeal by [D]efendants . . . violated [P]laintiff's rights to due process . . . and equal protection." (Compl. IV.A.2, Nov. 3, 2009.) This Court concludes that Plaintiff's Complaint alleges due-process-of-law and equal-protection claims premised upon the acts of denying or rejecting his grievances.

### d) Right to Access Courts Claims

There are two categories of denial-of-access claims: In the first category of cases, a prisoner claims "that systemic official action frustrates a plaintiff . . . in preparing or filing suits . . ." and in the second category of cases, a prisoner claims there is a specific case "that cannot now be tried . . . no matter what official action may be in the future." *Christopher v. Harbury*, 536 U.S. 403, 413, 413-14, 122 S. Ct. 2179, 2185-86 (2002). Plaintiff does not allege a systematic denial of access; rather he alleges the Defendants "conspired . . . to 'lose' plaintiff's legal documents so as to prevent plaintiff from pursuing his lawsuit." (Compl. at ¶ IV.9.) Thus, Plaintiff's claim falls within the second category, which the United States Supreme Court has christened "backward-looking access claims." *Id.* at 414-15, 122 S. Ct. at 2186-87. "The ultimate object of these sorts of access claims . . . is not the judgment in a further lawsuit, but simply the judgment in the access claim itself . . . ." *Id.* at 414, 122 S. Ct. at 2186.

To sustain a backward-looking access claim, the complaint must identify the underlying claim, the official acts frustrating litigation, and "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415, 122 S. Ct. at 2187. A plaintiff must "identify a 'nonfrivolous,' 'arguable' underlying claim." *Id.* at 415, 122 S. Ct. at

2187 (citing *Lewis v. Casey*, 518 U.S. 343, 353 and n.3, 116 S. Ct. 2174 (1996)). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued . . . ." *Id.* at 417-18, 122 S. Ct. at 2188.

Viewing Plaintiff's *pro se* complaint liberally, this Court concludes that Plaintiff has not identified his underlying claim in his Complaint. Plaintiff's Complaint does not cite to the issue or issues that he intended to present to the United States Supreme Court within his petition for certiorari. The parties both argue at length whether or not his claims heard by this Court and the Eighth Circuit Court of Appeals were meritorious, but this debate is irrelevant for the purposes of Plaintiff's access-to-court claim because he is not claiming that he was denied access to this Court or the Eighth Circuit Court of Appeals. Because Plaintiff did not plead the basis for his petition to the United States Supreme Court, neither Defendant nor this Court have any way of determining whether or not the basis of Plaintiff's petition was a frivolous or arguable claim(s). Thus, this Court concludes that Plaintiff has not asserted a claim upon which relief can be granted.[5] Because Plaintiff has failed to state an access-to-court claim upon which relief can be granted, this Court also concludes that Plaintiff has also not alleged a § 1983 failure-to-train claim upon which relief can be granted.

**e) Unreasonable Seizure Claim**

This Court concludes that Plaintiff has failed to state an unreasonable seizure claim upon which relief can be granted. The Fourth Amendment prohibits "unreasonable searches and seizures." *United States v. Sanchez*, 572 F.3d 475, 478 (8th Cir. 2009). "[A] Fourth Amendment seizure of property 'occurs when there is some meaningful interference with an individual's

---

[5] This Court further notes Rule of Supreme Court of the United States 12.3 states: "An inmate confined in an institution, if proceeding *in forma pauperis* and not represented by counsel, need file only an original petition and motion." Thus, it is questionable whether Plaintiff even needed copies in order to pursue his petition.

possessory interests in [his or her] property.'" *United States v. Va Lerie*, 424 F.3d 694, 701 (8th Cir. 2005) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652 (1984)). As Plaintiff alleges, he willingly provided Defendants with his legal documents in the first instance. Willingly providing one's property to the government is inconsistent with a claim of interference. Thus, Plaintiff cannot maintain a Fourth Amendment claim based upon his providing his legal papers to Defendants for copying. *Washington v. Chrisman*, 455 U.S. 1, 10, 102 S. Ct. 812, 818 (1982) (holding that seizure pursuant to valid consent does not violate Fourth Amendment). To the extent that Plaintiff is asserting a Fourth Amendment claim premised upon Defendants' failure to return his legal papers to him, "a majority of the Court in [*Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194 (1984),] held that a Fourth Amendment property claim against state officials is barred by the availability of an adequate remedy under state law." *Ali v. Ramsdell*, 423 F.3d 810, 814-15 (8th Cir. 2005). Plaintiff has not alleged that there is not a post-deprivation remedy available under state law. As Defendants note, the tort of conversion may be one such post-deprivation remedy available. The Eighth Circuit Court of Appeals has noted that conversion is a post-deprivation remedy under state law. *Carniglia v. Dearmon*, 16 Fed. Appx. 548, 549 (8th Cir. 2001). And Minnesota recognizes the tort of conversion. *Hildegarde, Inc. v. Wright*, 244 Minn. 410, 413, 70 N.W.2d 257, 259 (Minn. 1955).

To the extent that the deprivation is based upon Plaintiff's inability to pursue his petition for certiorari, then his claim must be analyzed pursuant to the access-to-courts analysis undertaken above; to the extent that the deprivation is based upon possession of his property, then Plaintiff must either avail himself of the remedies under state law or allege that the available remedies are inadequate. Because this Court concludes that Plaintiff has not stated an access-to-courts claim upon which relief can be granted and because he has neither availed himself of a

state remedy nor alleged a state remedy was inadequate, this Court concludes that Plaintiff has failed to state a Fourth Amendment claim upon which relief can be granted.

### f) Grievance: Due Process Claim

This Court concludes that Plaintiff has failed to state a due process claim upon which relief can be granted premised upon the Defendants' handling of Plaintiff's grievance. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255-56, 101 L.Ed.2d 40 (1988). "While a violation of a state-created liberty interest can amount to a violation of the Constitution, not every violation of state law or state-mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." *Id.* (quotation omitted). Based upon these precepts, the Eighth Circuit Court of Appeals has held that

> [a] prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. Thus, defendants' failure to process any of [an inmate's] grievances, without more, is not actionable under section 1983.

*Id.* (quotation omitted). Due process is only implicated where defendants impose on the inmate an atypical and significant hardship in relation to ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-86, 115 S. Ct. 2293 (1995). Because Plaintiff's due process claim is premised upon the processing of his grievances, this Court concludes that Plaintiff has not alleged a section 1983 claim upon which relief can be granted.

### g) Grievance: Equal Protection Claim

When an inmate does not allege that he is a member of a protected class or that his fundamental rights have been violated, his equal protection claim turns upon whether the state intentionally treated him differently from others similarly situated and that there was no rational basis for the difference of treatment. *Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008) *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000). Plaintiff's Complaint does not include the allegation that he was treated differently from others who were similarly situated. But, in his Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiff contends that he was similarly situated to "other prisoners who are entitled to non-interference by prison officials regarding their legal documents" and "all U.S. citizens who have an unalienable right to petition the U.S. Supreme Court." (Pl.'s Mem. in Opp. To Def.'s Mot. 3, Feb. 9, 2010). This Court concludes that these asserted groups of similarly situated individuals relate solely to Plaintiff's access-to-courts claims and not to his claim arising out of his grievance proceeding. "Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). Therefore, this Court concludes that Plaintiff has failed to state a equal protection claim arising out of the handling of his grievances upon which relief can be granted.

### h) 28 U.S.C. § 1915A

Plaintiff contends that this Court cannot consider Defendants' motion to dismiss because this Court already reviewed Plaintiff's claim under 28 U.S.C. § 1915A. This contention is without merit. The review permitted by section 1915A in no way deprives defendants of the opportunity to assert their rights provided by Federal Rule of Civil Procedure 12.

### i) Supplemental Jurisdiction Claims

Pursuant to 28 U.S.C. § 1367, a federal court, in its discretion, may dismiss remaining state-law claims without prejudice if the court "has dismissed all claims over which it has original jurisdiction." Plaintiff explicitly requests dismissal of his state claims without prejudice if the Court determines that his federal claims should be dismissed. (Pl.'s Mem. in Opp. To Def.'s Mot. 6). Therefore, because this Court recommends dismissal of Plaintiff's federal claims, this Court recommends that Plaintiff's state claims be dismissed without prejudice such that he can pursue them in state court.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Request for Entry of Default & Default Judgment [Docket No. 17] be **DENIED;**
2. Defendant's Motion to Dismiss [Docket No. 9] be **GRANTED;**
3. Plaintiff's federal claims be **DISMISSED WITHOUT PREJUDICE**; and
4. Plaintiff's state claims be **DISMISSED WITHOUT PREJUDICE**.

Dated:    4/5/10

    s/ Arthur J. Boylan
    Arthur J. Boylan
    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of

each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before     April 20, 2010    .